IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

CASE NO.: 2016-005653-CA-01

**JOSE ZENON LOPEZ**
And other similarly situated individuals,

    Plaintiff(s),

v.

**THE BRUNA CORPORATION**
a Florida Profit Corporation
d/b/a **BRUNA SEALS**, individually;
**ANTONIO M. BRUNA**, individually;
**MIGUEL A. BRUNA**, individually;
**JUAN E. BRUNA**, individually;
**JORGE D. BRUNA**, individually;

    Defendant(s).
_____/

## SUMMONS IN A CIVIL CASE

**JUAN E. BRUNA**
2800 NW 105 Avenue
Doral, FL 33172

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____  3/9/16
CLERK                          DATE

_Elvire Lorenz_
(BY) DEPUTY CLERK

Exhibit "A"

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

CASE NO.: 2016-005653-CA-01

**JOSE ZENON LOPEZ**
And other similarly situated individuals,

    Plaintiff(s),

v.

**THE BRUNA CORPORATION**
a Florida Profit Corporation
d/b/a **BRUNA SEALS**, individually;
**ANTONIO M. BRUNA**, individually;
**MIGUEL A. BRUNA**, individually;
**JUAN E. BRUNA**, individually;
**JORGE D. BRUNA**, individually;

    Defendant(s).

_____/

## COMPLAINT

Plaintiff **JOSE ZENON LOPEZ**, and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendant, THE BRUNA CORPORATION, a Florida Profit Corporation, d/b/a BRUNA SEALS, individually; ANTONIO M. BRUNA, individually; MIGUEL A. BRUNA, individually; JUAN E. BRUNA, individually; and JORGE D. BRUNA, individually; collectively ("Defendants"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.

4. Defendant, THE BRUNA CORPORATION a Florida Profit Corporation, d/b/a BRUNA SEALS, having its location in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, ANTONIO M. BRUNA, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, THE BRUNA CORPORATION, d/b/a BRUNA SEALS.

6. Defendant, MIGUEL A. BRUNA, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, THE BRUNA CORPORATION, d/b/a BRUNA SEALS.

7. Defendant, JUAN E. BRUNA, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, THE BRUNA CORPORATION, d/b/a BRUNA SEALS.

8. Defendant, JORGE D. BRUNA, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, THE BRUNA CORPORATION, d/b/a BRUNA SEALS.

9. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

10. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

11. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff performed work for Defendants as a non-exempt employee from on or about October 2007, through on or about February 18, 2016.

13. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week.

14. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

15. Plaintiff, during relevant time period, from on or about from on or about October 2007, through on or about February 18, 2016, worked approximately twelve and a half (12.5) overtime hours each week for which he was not paid 1.5 times his regular rate as provided by the FLSA.

## COUNT I
### Wage & Hour Federal Statutory Violation against
### THE BRUNA CORPORATION d/b/a BRUNA SEALS

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

17. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

18. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

19. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United

States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

20. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendant.

21. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

22. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

23. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

24. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
*Wage & Hour Federal Statutory Violation against*
***ANTONIO M. BRUNA***

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

26. At the times mentioned, Defendant was, and is now, a corporate officer of corporate

Defendant, THE BRUNA CORPORATION, d/b/a BRUNA SEALS.

27. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

28. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

29. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Wage & Hour Federal Statutory Violation against MIGUEL A. BRUNA*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15

of this complaint as if set out in full herein.

31. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, THE BRUNA CORPORATION, d/b/a BRUNA SEALS

32. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

33. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

34. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Wage & Hour Federal Statutory Violation against JUAN E. BRUNA*

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

36. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, THE BRUNA CORPORATION, d/b/a BRUNA SEALS.

37. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

38. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

39. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Wage & Hour Federal Statutory Violation against JORGE D. BRUNA*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

41. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, THE BRUNA CORPORATION, d/b/a BRUNA SEALS.

42. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

43. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

44. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 3/7/16

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
agp@rgpattorneys.com
apetisco@rgpattorneys.com
rregueiro@rgpattorneys.com
pn@rgpattorneys.com

|  |  |
|---|---|
| JOSE ZENON LOPEZ,<br>and other similarly situated individuals,<br><br>       Plaintiff(s),<br><br>vs.<br><br>THE BRUNA CORPORATION,<br>a Florida For Profit Corporation d/b/a<br>BRUNA SEALS, individually;<br>ANTONIO M. BRUNA, individually;<br>MIGUEL A. BRUNA, individually;<br>JUAN E. BRUNA, individually;<br>JORGE D. BRUNA, individually<br><br>       Defendant(s)<br>_____/ | IN THE CIRCUIT COURT OF THE<br>11TH JUDICIAL CIRCUIT IN AND FOR<br>MIAMI-DADE COUNTY, FLORIDA<br><br>CASE NO.:  16-005653-CA-01 |

## DEFENDANTS THE BRUNA CORPORATION d/b/a BRUNA SEALS, JUAN E. BRUNA, AND JORGE D. BRUNA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, THE BRUNA CORPORATION d/b/a BRUNA SEALS, JUAN E. BRUNA, individually, and JORGE D. BRUNA, individually (collectively referred to herein as "Defendants") pursuant to Rule 1.140 of the Florida Rules of Civil Procedure, hereby serve their Answer and Affirmative Defenses to Plaintiff, JOSE ZENON LOPEZ'S ("Plaintiff") Complaint, and in support thereof state as follows:

## GENERAL ALLEGATIONS

1.    Defendants admit the allegations set forth in this paragraph to the extent that Plaintiff is seeking relief for alleged willful violations of overtime pay under the laws of the United

States, the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA); however, it is denied that Plaintiff is entitled to any relief in this matter.

2. Admitted as to jurisdiction only; however, it is denied that the Plaintiff is entitled to any relief in this matter.

3. Defendants are without sufficient knowledge to admit or deny the allegations set forth in this paragraph; and therefore, said allegations are denied.

4. Denied as phrased.

5. Denied.

6. Denied.

7. Denied as phrased.

8. Denied as phrased.

9. Defendants admit that Venue is proper in this Court; however, it is denied that the Plaintiff is entitled to any relief in this matter.

10. Denied.

11. Denied.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

12. Denied.

13. Denied.

14. Denied.

15. Denied.

CASE NO.: 16-005653-CA-01

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST
## THE BRUNA CORPORATION d/b/a BRUNA SEALS

16. Defendants adopt and reallege their responses to Paragraphs 1 through 15 of Plaintiff's Complaint as if fully set forth herein.

17. Defendants admit the allegations set forth in this paragraph to the extent that Plaintiff is seeking relief for alleged willful violations of overtime pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA); however, it is denied that Plaintiff is entitled to any relief in this matter.

18. Admitted as to jurisdiction only; however, it is denied that the Plaintiff is entitled to any relief in this matter.

19. Denied as phrased.

20. Denied as phrased.

21. Denied as phrased.

22. Denied that Plaintiff is entitled to any relief in this matter.

23. Denied.  It is further denied that Plaintiff is entitled to any relief in this matter.

24. Denied.

WHEREFORE, Defendants, THE BRUNA CORPORATION d/b/a BRUNA SEALS, JUAN E. BRUNA, individually, and JORGE D. BRUNA, individually, request that the Court enter judgment against Plaintiff, as to all issues and matters set forth in the Complaint, and requests all relief to which Defendants are entitled, including, but not limited to, attorneys' fees and costs pursuant to *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1543 (11th Cir. 1985), and any other relief which this Courts deems just and proper.

### COUNT II:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST ANTONIO M. BRUNA

25. Defendants adopt and reallege their responses to Paragraphs 1 through 24 of Plaintiff's Complaint as if fully set forth herein.

26. Admitted.

27. Denied.

28. Denied.

29. Denied.

WHEREFORE, Defendants, THE BRUNA CORPORATION d/b/a BRUNA SEALS, JUAN E. BRUNA, individually, and JORGE D. BRUNA, individually, request that the Court enter judgment against Plaintiff, as to all issues and matters set forth in the Complaint, and requests all relief to which Defendants are entitled, including, but not limited to, attorneys' fees and costs pursuant to *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1543 (11th Cir. 1985), and any other relief which this Courts deems just and proper.

### COUNT III:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST MIGUEL A. BRUNA

30. Defendants adopt and reallege their responses to Paragraphs 1 through 29 of Plaintiff's Complaint as if fully set forth herein.

31. Admitted.

32. Denied.

33. Denied.

34. Denied.

CASE NO.: 16-005653-CA-01

WHEREFORE, Defendants, THE BRUNA CORPORATION d/b/a BRUNA SEALS, JUAN E. BRUNA, individually, and JORGE D. BRUNA, individually, request that the Court enter judgment against Plaintiff, as to all issues and matters set forth in the Complaint, and requests all relief to which Defendants are entitled, including, but not limited to, attorneys' fees and costs pursuant to *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1543 (11th Cir. 1985), and any other relief which this Courts deems just and proper.

## COUNT IV:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST JUAN E. BRUNA

35. Defendants adopt and reallege their responses to Paragraphs 1 through 34 of Plaintiff's Complaint as if fully set forth herein.

36. Admitted.

37. Denied as phrased.

38. Denied.

39. Denied.

WHEREFORE, Defendants, THE BRUNA CORPORATION d/b/a BRUNA SEALS, JUAN E. BRUNA, individually, and JORGE D. BRUNA, individually, request that the Court enter judgment against Plaintiff, as to all issues and matters set forth in the Complaint, and requests all relief to which Defendants are entitled, including, but not limited to, attorneys' fees and costs pursuant to *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1543 (11th Cir. 1985), and any other relief which this Courts deems just and proper.

CASE NO.: 16-005653-CA-01

## COUNT V:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST JORGE D. BRUNA

40. Defendants adopt and reallege their responses to Paragraphs 1 through 39 of Plaintiff's Complaint as if fully set forth herein.

41. Denied.

42. Denied as phrased.

43. Denied.

44. Denied.

WHEREFORE, Defendants, THE BRUNA CORPORATION d/b/a BRUNA SEALS, JUAN E. BRUNA, individually, and JORGE D. BRUNA, individually, request that the Court enter judgment against Plaintiff, as to all issues and matters set forth in the Complaint, and requests all relief to which Defendants are entitled, including, but not limited to, attorneys' fees and costs pursuant to *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1543 (11th Cir. 1985), and any other relief which this Courts deems just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a cause of action upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrine of unclean hands.

3. Plaintiff's claims are barred by the doctrine of waiver, because if any of the Defendants failed to pay Plaintiff overtime compensation, which Defendants expressly deny, any such alleged failure should have been discovered by Plaintiff through the exercise of ordinary diligence.

4. Plaintiff's claims are barred by the doctrine of laches, as Plaintiffs continued to work without any extra compensation for the allegedly unpaid overtime hours worked and

continued to do so continuously until the conclusion of his employment without ever asserting, claiming, or otherwise bringing to the attention of any Defendant Plaintiff's claimed entitlement to unpaid overtime compensation.

5. Plaintiff is not entitled to any liquidated damages in this action under 29 U.S.C. § 216(b), as Defendants have always, and at all times material to this action, acted in good faith with reasonable grounds to believe that they were in full compliance with all provisions of the Fair Labor Standards Act.

6. Plaintiff's claims are barred, in whole or in part, to the extent he seeks compensation in this action for anything other than compensable working time.

7. Plaintiff is not entitled to any relief in this matter as Plaintiff was a salaried employee and received a fixed salary for each workweek regardless of the number of hours worked or the quality or quantity of work performed.

8. The Complaint fails to sufficiently allege any action or non-action by any Defendant regarding grounds applicable to any class.

9. Plaintiff failed to mitigate his alleged damages by acts which include, but are not limited to: 1) the failure to complain of any alleged illegality; and 2) the failure to advise the Defendants that he was, as alleged in the Complaint, working in excess of 40 hours per week in violation of his perceived right to overtime compensation. As a result of the foregoing, Plaintiff cannot recover against any of the Defendants and/or recovery should be proportionately reduced as a result of Plaintiff's failure to mitigate damages.

10. Even if Plaintiff was not compensated for overtime compensation, which Defendants vehemently deny, none of the Defendants willfully violated the Fair Labor Standards Act, and at all times acted in good faith reliance upon, and in conformity with, official written

administrative recommendation, rulings, approvals, administrative interpretations, practices and/or enforcement policies and procedures of the United States Department of Labor, Wage, and Hour Division and, in fact, possessed a reasonable, good faith belief that any acts or omissions of any of the Defendants were not in violation of the Fair Labor Standards Act. Therefore, any relief Plaintiffs are seeking in this matter are barred, in whole or in part.

Defendants, THE BRUNA CORPORATION d/b/a BRUNA SEALS, JUAN E. BRUNA, individually, and JORGE D. BRUNA, individually, reserve the right to amend or assert additional affirmative defenses as discovery is ongoing.

## DEMAND FOR JURY TRIAL

Defendants, THE BRUNA CORPORATION d/b/a BRUNA SEALS, JUAN E. BRUNA, individually, and JORGE D. BRUNA, individually, hereby demand a trial by jury on all issues so triable.

WHEREFORE, Defendants, THE BRUNA CORPORATION d/b/a BRUNA SEALS, JUAN E. BRUNA, individually, and JORGE D. BRUNA, individually, request that the Court enter judgment against Plaintiff, as to all issues and matters set forth in the Complaint, and requests all relief to which Defendants are entitled, including, but not limited to, attorneys' fees and costs pursuant to *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1543 (11th Cir. 1985), and any other relief which this Courts deems just and proper.

CASE NO.:  16-005653-CA-01

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-mailed this 6th day of April, 2016 to: Anthony M. Georges-Pierre, Esq., agp@rgpattorneys.com, 44 West Flagler Street, Suite 2200, Miami, FL 33130 and I electronically filed the foregoing with the Clerk of Miami-Dade County by using the Florida Courts eFiling Portal.

> COLE, SCOTT & KISSANE, P.A.
> Attorneys for Defendants
> 110 Tower
> 110 S.E. 6th Street, Suite 2700
> Ft. Lauderdale, Florida 33301
> E-Mail:  scott.bassman@csklegal.com
>           tasha.somarriba@csklegal.com
> Telephone:  954-703-3703
> Facsimile:   954-703-3701
>
> By:  s/ Tasha M. Somarriba
>     Scott A. Bassman
>     Florida Bar Number:  232180
>     Tasha M. Somarriba
>     Florida Bar Number:  111320

SAB/TMS

l:\1917-0530-00\pleading\complaint, answer\answer and affirmative defenses.docx